**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ASHLEY M. MOORE, DERRICK L. BURNS,** | ) | |
| **DEMARCUS BRYDIE, on behalf of themselves** | ) | |
| **and all other persons similarly situated, known** | ) | |
| **and unknown,** | ) | |
| | ) | **Case No.** |
| **Plaintiffs,** | ) | |
| | ) | **Judge** |
| **v.** | ) | |
| | ) | **Magistrate Judge** |
| **FLAVOR RESTAURANT, INC., ROCHELLE** | ) | |
| **KEMP, individually, and JAMES KEMP,** | ) | |
| **Individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

Plaintiffs Ashley M. Moore, Derrick L. Burns, and DeMarcus Brydie, on behalf of themselves and all other persons similarly situated, known and unknown, through their attorneys and for their complaint against Defendants Flavor Restaurant, Inc., Rochelle Kemp, individually, and James Kemp, individually (hereafter "Defendants"), states as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1.      This lawsuit arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq.*, and the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq.*, for Defendants' failure to pay Plaintiffs and other similarly-situated employees minimum wages as required by law.

2.      Plaintiffs and other similarly situated employees are current and former tipped employees of Defendants. Defendants paid its tipped employees sub-minimum hourly wages under the tip-credit provisions of the FLSA and IMWL. Those provisions permit employers of tipped employees to pay wages less than the minimum wage, so long as employers comply with

1

other requirements of the tip-credit subsections of the FLSA and IMWL.  Defendants willfully disregarded those requirements, and thus violated the federal and state minimum wage laws. Defendants denied Plaintiffs and other tipped employees their earned wages by: (a) requiring servers to perform duties outside their tipped occupation while paying less than minimum wage, including cleaning and other job duties of a non-tipped occupation;  (b) making deductions from Plaintiffs' and other tipped employees' compensation on account of customer walk outs, breakage, wasted food, kitchen errors, unclaimed to go orders, or customer complaints; and (c) failing to inform Plaintiffs and other tipped employees of the provisions of the tip credit subsection of the FLSA and IMWL.

3.     Plaintiffs bring their FLSA minimum wage claims as a collective action, on behalf of themselves and all other persons similarly situated pursuant to 29 U.S.C. § 216(b).  A copy of Plaintiffs' consent forms are attached hereto as Exhibit A.

**JURISDICTION AND VENUE**

4.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

5.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

**THE PARTIES**

6.     Plaintiff Ashley M. Moore resides in and is domiciled in Cook County, Illinois.

7.     Plaintiff Ashley M. Moore worked for Defendants as a server between approximately April 2014 and January 2015 at Defendants' Richton Park and Flossmoor locations.

8.      Plaintiff Derrick L. Burns resides in and is domiciled in Will County, Illinois.

9.      Plaintiff Derrick L. Burns worked for Defendants as a server between approximately August 2014 and January 23, 2015 at Defendants' Richton Park and Flossmoor locations.

10.     Plaintiff DeMarcus Brydie resides in and is domiciled in Cook County, Illinois.

11.     Plaintiff DeMarcus Brydie worked for Defendants as a server between approximately September or October 2013 and May 2014 at Defendants' Flossmoor location.

12.     Defendant Flavor Restaurant, Inc. is an Illinois corporation in this judicial district.

13.     Defendants operate a restaurant known as Flavor Restaurant located at 5091 Sauk Trail, Richton Park, IL 60471.  Flavor Restaurant was previously located at 3315 Vollmer Rd., Flossmoor, IL 60422.

14.     Defendant Flavor Restaurant, Inc. is an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1), and is engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §203(s)(1).

15.     Defendant Rochelle Kemp resides in and is domiciled within this judicial district.

16.     Defendant Rochelle Kemp is an owner and principal shareholder of Flavor Restaurant, Inc. and is involved in the day to day business operations of Flavor Restaurant, Inc. Among other things, Defendant Rochelle Kemp has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and she has the authority to participate in decisions regarding employee compensation and capital expenditures.

17.     Defendant James Kemp resides in and is domiciled within this judicial district.

18.     Defendant James Kemp is an owner and principal shareholder of Flavor

3

Restaurant, Inc. and is involved in the day to day business operations of Flavor Restaurant, Inc. Among other things, Defendant James Kemp has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures.

19.      Defendant Flavor Restaurant, Inc.'s annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

20.      During the course of their employment, Plaintiffs handled goods, including perishable goods and food products, that moved in interstate commerce.

21.      At all times relevant hereto, Plaintiffs were Defendants' "employee(s)" as that term is defined by the FLSA, 29 U.S.C. §203(e) and the IMWL, 820 ILCS 105/3(d).

22.      At all times relevant hereto, Defendants were Plaintiffs' "employer(s)" as defined in the IMWL, 820 ILCS 105/3(c), and the FLSA, 29 U.S.C. §203(d).

23.      During their employment by Defendants, Plaintiffs were not exempt from the minimum wage provisions of the IMWL and the FLSA.

**COUNT I**
**Violation of the Fair Labor Standards Act – Minimum Wages**
**Section 216(b) Collective Action**

Plaintiffs hereby reallege and incorporate the previous allegations of this Complaint as if fully set forth within this Count I.

24.      This count arises from Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., for their failure to pay minimum wages to Plaintiffs and other current and former tipped employees.  Plaintiffs' bring this count as a collective action pursuant to 29 U.S.C. §216(b).

4

25.     Plaintiffs and similarly-situated persons are current and former tipped employees of Defendants who were not exempt from the minimum wage provisions of the FLSA.

26.     Plaintiffs and other current and former tipped employees were paid by Defendants at a tip-credit hourly rate less than the full applicable minimum wage.

27.     An employer may take a tip credit on the wages of a tipped employee if the employee receives customer tips in an amount that, together with the sub-minimum wage, equals the minimum hourly wage.  29 U.S.C. §203(m).  The tip credit provision does not apply to a tipped employee unless: (1) the employer has informed the employee of the provisions of the tip credit subsection; and (2) the employee retains all tips received by the employee, except that the pooling of tips among tipped employees is permitted. 29 U.S.C. §203(m).  "'Tipped employee' means any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." *Driver v. AppleIllinois, LLC*, No. 06 C 6149, 2012 U.S. Dist. LEXIS 121332, *5 (Aug. 27, 2012) *quoting* 29 U.S. C. § 203(t).

28.     Although Defendants took a tip credit in paying hourly wages to Plaintiffs and other tipped employees, Defendant failed to comply with the predicate requirements under the Act.  29 U.S.C. §203(m).

29.     Defendants did not inform tipped employees of the provisions of the tip-credit subsection.

30.     In addition, Defendants deducted from Plaintiffs' and other tipped employees' tips for customer walk outs, breakage, wasted food, kitchen errors, unclaimed to go orders, or customer complaints, which resulted in Plaintiffs and other tipped employees not being able to keep all of their earned tips.

31.     Defendants also maintained a practice of regularly utilizing Plaintiffs and other

5

tipped employees to perform work not within the scope of a tipped occupation. Defendants regularly required servers to perform duties such as general restaurant cleaning, including washing dishes and cleaning bathrooms, even at times when the restaurant was not open, but continued to pay them tip-credit wages while the employees were engaged in those non-tipped duties.

32.     Defendants' failure to comply with the terms of the minimum wage requirements of the FLSA regarding tip credit, and consequently, Defendants' failure to pay minimum wages to Plaintiffs and other tipped employees was a willful violation of the FLSA.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A.     judgment in the amount of the owed minimum wages for all time worked by Plaintiffs and those employees who join the lawsuit;

B.     liquidated damages in an amount equal to the amount of unpaid minimum wages;

C.     reasonable attorneys' fees and costs incurred in prosecuting this action; and

D.     such other and further relief as this Court deems just and proper.

**COUNT II**
**Violation of the Illinois Minimum Wage Law – Minimum Wages**
**(Plaintiffs Individually Only)**

Plaintiffs hereby reallege and incorporate the previous allegations of this Complaint as if fully set forth within this Count II.

33.     This count arises from Defendants' violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*., for Defendants' failure to pay Plaintiffs their earned minimum wages.

34.     Plaintiffs worked for Defendants as servers. Throughout their employment with Defendants, Plaintiffs' hourly rate of pay was less than the Illinois Minimum Wage.

35.     Defendants deducted from Plaintiffs' and other tipped employees' tips for customer walk outs, breakage, wasted food, kitchen errors, unclaimed to go orders, or customer

complaints, which resulted in Plaintiffs and other tipped employees not being able to keep all of their earned tips.

36.     Defendants also maintained a practice of regularly utilizing Plaintiffs and other tipped employees to perform work not within the scope of a tipped occupation.  Defendants regularly required servers to perform duties such as general restaurant cleaning, including washing dishes and cleaning bathrooms, even at times when the restaurant was not open, but continued to pay them tip-credit wages while the employees were engaged in those non-tipped duties.

37.     Defendants' practices violate the minimum wage provisions of the IMWL.

38.     Defendants violated the Illinois Minimum Wage Law by failing to compensate Plaintiffs consistent with the minimum wage provisions of the IMWL.

39.     Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A.     judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B.     prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law;

D.     an injunction precluding Defendants from violating the Illinois Minimum Wage Law; and

E.     such other and further relief as this Court deems just and proper.

Dated:  February 20, 2015

                        Respectfully submitted,


                        <u>s/Douglas M. Werman</u>
                        One of the Attorneys for Plaintiffs


Douglas M. Werman –dwerman@flsalaw.com
Maureen A. Salas – msalas@flsalaw.com
Sarah J. Arendt – sarendt@flsalaw.com
Zachary C. Flowerree – zflowerree@flsalaw.com
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
312-419-1008

# EXHIBIT A

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below I represent to the Court that I have been employed by **Flavor Restaurant, Inc.,** or its parents, subsidiary or affiliated companies within the prior three (3) years and in one or more of those weeks was not paid all of the minimum wages and/or overtime wages owed to me as required by 29 U.S.C. §201, *et. seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: Ashley M. Moore _____ (print your name)

Signature: Ashley Moore _____

Date on which I signed this Notice: January 13, 2015 _____
(today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by **Flavor Restaurant, Inc.,** or its parents, subsidiary or affiliated companies within the prior three (3) years and in one or more of those weeks was not paid all of the minimum wages and/or overtime wages owed to me as required by 29 U.S.C. §201, *et. seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Derrick Burns_ (print your name)

Signature: _[signature]_

Date on which I signed this Notice: _1/27/2015_ (today's date)

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below I represent to the Court that I have been employed by **Flavor Restaurant, Inc.,** or its parents, subsidiary or affiliated companies within the prior three (3) years and in one or more of those weeks was not paid all of the minimum wages and/or overtime wages owed to me as required by 29 U.S.C. §201, *et. seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _DeMarcus Brydie_ (print your name)

Signature: _D. Brydie_

Date on which I signed this Notice: _2/3/15_
(today's date)